# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 12-1527

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Arkansas. |
| | * | |
| Bobby Ray Cook, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: July 5, 2012
Filed: July 9, 2012

_____

Before LOKEN, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

After Bobby Cook pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2), the district court[1] sentenced him to 70 months in prison and three years of supervised release. On appeal, Cook's counsel has submitted a brief under Anders v. California, 386 U.S. 738 (1967), and seeks leave to withdraw. After careful review, we affirm.

---

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

At sentencing, Cook objected to a criminal history point that the presentence report assessed for his prior sentence on a failure-to-appear offense. Cook argued that no point should accrue, because third parties were to blame for his failure to appear in court. The district court overruled the objection, and counsel assigns that ruling as error in his <u>Anders</u> brief. We conclude that the district court properly overruled the objection, because it amounted to an improper collateral attack on a prior state conviction, <u>see</u> <u>United States v. El-Alamin</u>, 574 F.3d 915, 928 (8th Cir. 2009); further, the district court stated at sentencing that the objection would not affect Cook's sentence, because his criminal history category remained the same with or without the contested point. Counsel also argues that Cook's sentence, at the bottom of the Guidelines range, was unreasonable. We reject this argument as well. <u>See</u> <u>Gall v. United States</u>, 552 U.S. 38, 51 (2007).

Finally, after reviewing the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we grant counsel leave to withdraw, and we affirm the judgment of the district court.

_____